UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORP. | * | CIVIL ACTION NO.: 11-329 |
| | * | |
| VERSUS | * | SECTION _____ |
| | * | |
| INLAND MARINE SERVICES, LLC | * | MAG. ( ) |

## PLAINTIFF'S INITIAL VERIFIED COMPLAINT

Plaintiff Cashman Equipment Corp. files its Initial Complaint against the named Defendant herein and respectfully shows as follows:

## PARTIES

**1.**

Cashman Equipment Corp. ("Cashman" or "CEC") is a foreign corporation, licensed to do business in the State of Louisiana.

**2.**

Inland Marine Services, L.L.C. ("Inland Marine") is a Louisiana company with its principal place of business in Baton Rouge, Louisiana, within this District, subjecting it to the jurisdiction of this Court.

## JURISDICTION

**3.**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, in that this is an action based upon a maritime contract and activities related thereto.

**4.**

Alternatively, jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, in that

there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

**5.**

Additionally, to the extent applicable, jurisdiction in this Court is proper pursuant to 28 U.S.C. §1367, in that the claims brought are so interrelated that they are all part of the same controversy.

## VENUE

**6.**

Venue is proper before this Honorable Court, in that the contracts by and between CEC and Inland Marine were executed within this District, all pursuant to 28 U.S.C. §1391.

## FACTS

### The First Charter

**7.**

In August 2009, Inland chartered a dredge from CEC. Said dredge consisted of a combination of CEC's barge, the JMC 5 and its crane, a Manitowac 4600. This transaction was formalized by the execution of two contracts, a Barge Bareboat Charter and an Equipment Lease Agreement. This transaction is referred to herein as the "First Charter".

**8.**

Inland agreed to hire the dredge at the rate of $1,500.00 per day and agreed to be responsible for all costs associated with the operation of the equipment, as well as any repairs to the dredge. If the equipment was returned to Cashman in need of repair, the equipment would remain "on-hire" until the repairs were completed.

**9.**

On or about September 8, 2009, Inland returned the dredge to CEC, however, it was in need of repairs.

**10.**

At that time, Cashman undertook the necessary repairs, for the account of Inland, pursuant to Inland's contractual obligations.

**11.**

Over the course of the First Charter (and possibly at other times), Inland paid for some repairs to the equipment, but not for all repairs necessitated by Inland's failure to maintain the equipment in a proper condition during the time it was under Inland's care, custody and control.

**12.**

As a result of Inland's neglect, inaction and/or negligence, Cashman was required to make repairs to the equipment and Inland has failed and refused to pay for same.

**13.**

Inland is therefore indebted to CEC for unpaid repair costs as a result of its contractual breaches.

**The Second Charter**

**14.**

In June, 2010, Inland again chartered CEC's dredge (the JMC 5 and Manitowac 4600), pursuant to two contracts, a Barge Bareboat Charter and an Equipment Lease Agreement. This transaction is referred to herein as the "Second Charter."

**15.**

Inland agreed to hire the dredge at the rate of $1,500.00 per day and agreed to be responsible for all costs associated with the operation of the equipment, as well as any repairs to

3

Case 3:11-cv-00329-BAJ -SCR   Document 1   05/17/11   Page 3 of 6

the dredge. If the equipment was returned to Cashman in need of repair, the equipment would remain "on-hire" until the repairs were completed.

16.

In September, 2010, Inland had fallen behind on charter hire payments and Cashman was forced to retake the dredge.

17.

Inland breached its contractual obligations by failing to pay the agreed upon charter hire, which it presently owes to Cashman.

18.

Upon Cashman's retaking of the dredge, it was discovered that the dredge required significant repairs, which Cashman undertook, for the account of Inland, pursuant to Inland's contractual obligations.

19.

Over the course of the Second Charter (and possibly at other times), Inland paid for some repairs to the equipment, but not for all repairs necessitated by Inland's failure to maintain the equipment in a proper condition during the time it was under Inland's care, custody and control.

20.

As a result of Inland's neglect, inaction and/or negligence, Cashman was required to make repairs to the equipment and Inland has failed and refused to pay for same.

21.

Inland is therefore indebted to CEC for unpaid charter hire and repair costs as a result of its contractual breaches related to the Second Charter.

4

Case 3:11-cv-00329-BAJ -SCR   Document 1   05/17/11   Page 4 of 6

**22.**

Pursuant to the terms governing the Second Charter, Inland is also responsible to CEC for the costs incurred in retaking the dredge.

**23.**

Pursuant to the terms of both the First and Second Charter, Inland is responsible to CEC for all attorney's fees, costs and contractual interest on amounts owed.

**24.**

CEC certifies that all conditions precedent have been met.

**25.**

**WHEREFORE,** after due proceedings are held, plaintiff, Cashman Equipment Corp. prays that judgment be granted herein against Defendant, affording to CEC all amounts owed and damages that result from defendant's breach of contract plus costs, interest, and attorney's fees, as well as all other relief appropriate in law, equity or admiralty.

Respectfully submitted:
*SCOTT D. BROWNELL, APLC*

*s/ Scott Brownell*
_____
Scott D. Brownell (Bar #26223)
527 E. Boston St., Suite 201
Covington, La  70433
Telephone:    985-801-0055
Telefax:       985-292-3501
E-mail:scott@sbrownell.com
Attorney for Cashman Equipment Corp.

**PLEASE ISSUE SUMMONS TO:**

INLAND MARINE SERVICES, LLC
VIA ITS REGISTERED AGENT
FOR SERVICE OF PROCESS:

STEPHEN T. LOUPE
1959 WOODCHASE BLVD.
BATON ROUGE, LA 70808